UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CAUSEWAY PARTNERS, L.L.C.,**<br>    Plaintiff | **CIVIL ACTION** |
| **VERSUS** | **NO.  23-6108** |
| **INDIAN HARBOR INSURANCE<br>COMPANY, ET AL.,**<br>    Defendants | **SECTION: "E" (1)** |

### ORDER AND REASONS

Before the Court is a Motion to Compel Arbitration and Stay the Proceedings[1] by Defendants, Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-66147-02, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, HDI Global Specialty SE, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company.

Defendants ask this Court, pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), an international treaty implemented by the Federal Arbitration Act (the "FAA"),[2] to refer "the entire of [P]laintiff's claims against Defendants] to arbitration as mandated by the Arbitration Agreement contained with the subject [insurance] Policy" and "stay[] all litigation

---

[1] R. Doc. 10.
[2] In 1970 Congress promulgated the Convention Act, which is Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208, to establish procedures for the courts of the United States to implement the Convention. The U.S. Congress implemented the Convention through the Convention Act, Pub. L. 91-368, 84 Stat. 692 (1970). The Convention Act incorporates the Federal Arbitration Act to the extent the two do not conflict. 9 U.S.C. § 208; *see Todd v. S.S. Mut. Underwriting Ass'n (Bermuda) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010). The FAA authorizes a district court to enforce stays pending arbitration. 9 U.S.C. § 3.

1

pending the conclusion of arbitration."[3] Because the Court finds the Arbitration Agreement falls under the Convention and applies to domestic and non-domestic Defendants, and the agreement is not null and void, inoperative or incapable of being performed,[4] the motion is **GRANTED**, arbitration is **COMPELLED**, and this matter is **STAYED** pending the outcome of arbitration.

## BACKGROUND

This action arises from a dispute concerning commercial property insurance in the wake of Hurricane Ida.[5] Plaintiff's property, damaged by the hurricane, was insured by Defendants under a surplus lines commercial property insurance policy. The policy included an arbitration agreement "mandating that '[a]ll matters in difference' between [Plaintiff and Defendants] 'in relation to [the] insurance' be submitted to arbitration."[6]

On August 25, 2023, Plaintiff filed suit against Defendants in Louisiana state court, asserting breach of contract, bad faith, and breach of the duty of good faith and fair dealing on the basis of Plaintiff's allegations that Defendants did not fully and timely pay Plaintiff's insurance claims for hurricane damage to its property.[7] On October 12, 2023, Defendants invoked the policy's arbitration agreement and demanded Plaintiffs arbitrate the claims asserted in the state court lawsuit.[8] The next day, October 13, 2023, Defendants

---

[3] R. Doc. 10-1 at pp. 1–2. Alternatively, Defendants argue the Arbitration Agreement is enforceable under the FAA because the policy is a contract involving interstate commerce including an agreement to settle by arbitration a controversy arising out of such contract, including the refusal to perform the whole or any part of the contract, pursuant to 9 U.S.C § 3. Because the Court finds the Convention applies, it need not reach this argument.

[4] Under the FAA, written arbitration agreements are prima facie valid unless the opposing party "alleges and proves that the arbitration clause itself was a product of fraud, coercion, or 'such grounds exist in law or in equity for the revocation of the contract.' " *Freudensprung v. Offshore Tech. Servs.*, 379 F.3d 327, 339 (5th Cir. 2004).

[5] R. Doc. 3-2.

[6] R. Doc. 10-2.

[7] *See* R. Doc. 3-2.

[8] R. Doc. 10-3.

removed the state court action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, 28 U.S.C. § 1332, and 9 U.S.C. §§ 202, 204, and 205.[9]

Defendants filed their Motion to Compel Arbitration and Stay the Proceedings on November 1, 2023.[10] Plaintiff filed its response in opposition on November 28, 2023,[11] and Defendants replied on November 30, 2024.[12]

## LAW AND ANALYSIS

"'The Supreme Court has recognized generally 'the strong federal policy in favor of enforcing arbitration agreements,' and that this federal policy favoring arbitration 'applies with special force in the field of international commerce.'"[13] Specifically, "the Supreme Court has recognized that

> the goal of the Convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitration are observed and arbitral awards are enforced in the signatory countries."[14]

Plaintiff urges this Court to deny Defendants' motion for three reasons: first, Plaintiff argues "there is no valid agreement in writing to arbitrate" this dispute "within the meaning" of Article II of the Convention.[15] Second, Plaintiff argues that, even if the foreign Defendants "are entitled to an order compelling arbitration," it would contravene controlling law to force the domestic Defendants to arbitration.[16] Third, Plaintiff argues

---

[9] *See* R. Doc. 3.
[10] R. Doc. 10.
[11] R. Doc. 17.
[12] R. Doc. 21.
[13] *Simon v. Princess Cruise Lines, Ltd.*, NO. G-13-0444, 2014 WL 12617820, at *2 (S.D. Tex. May 19, 2014) (first quoting *Francisco v. Stolt Achievement MT*, 293 F.3d 270, 273 (5th Cir. 2002)), then quoting *Mitsubishi Motors Corp. v. Solar Chrysler-Plymouth, Inc.*, 473 U.S. 614, 631 (1986)).
[14] *Id.* (quoting *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 517 n.10 (1974)).
[15] R. Doc. 17 at p. 3.
[16] *Id.*

3

"the arbitration provision at issue is unenforceable under the FAA" because it is effectively preempted by Louisiana state law.[17]

##### I. The Convention requires enforcement of the arbitration agreement as to the non-domestic Defendants.

"The Convention requires a district court to order arbitration if an international arbitration clause falls within the Convention's coverage."[18] "Indeed, the Convention 'contemplates a very limited inquiry by courts when considering a motion to compel arbitration.'"[19] The Convention requires American courts to enforce arbitration clauses if: "(1) there is a written agreement to arbitrate the matter; (2) the agreement provides for arbitration in a Convention signatory nation; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen."[20] If these four criteria are satisfied, "[c]ourts are required to 'rigorously enforce arbitration agreements according to their terms,'" and "individuals seeking to avoid the enforcement of an arbitration agreement face a high bar."[21] In this case, all four requirements are satisfied with respect to the non-domestic Defendants.

First, there is a written agreement to arbitrate the matter. The policy issued by the Defendants, agreed to by Plaintiff, requires arbitration of "[a]ll matters in difference . . . in relation to this insurance."[22] Under Fifth Circuit precedent, there is a "written agreement to arbitrate the matter," within the meaning of the Convention, if an arbitration clause is contained in a contract *or* if an arbitration agreement has been signed

---

[17] *Id.*
[18] *Simon*, No. G-13-0444, 2014 WL 12617820, at *2 (collecting cases).
[19] *Id.* (quoting *Francisco*, 293 F.3d at 273).
[20] *Freudensprung*, 379 F.3d at 339 (5th Cir. 2004).
[21] *Freudensprung*, 379 F.3d at 327 (first quoting *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013), and then quoting *Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 907 (5th Cir. 2005)).
[22] R. Doc. 10-2 at p. 43.

4

by the parties or is otherwise contained in an exchange of letters or telegrams.[23] An Arbitration Clause is indisputably contained within the parties' insurance contract. As a result, there is a written agreement to arbitrate this matter. Plaintiff's arguments to the contrary on this point, as conceded by Plaintiff, are foreclosed by Fifth Circuit precedent.[24]

Second, the agreement provides for arbitration in a Convention signatory nation. The agreement reads, "[t]he seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance."[25]  New York is located in the United States, a signatory nation to the Convention

Third, the agreement "arises out of a commercial legal relationship"—a contract for insurance coverage.[26]

Fourth, the agreement fulfills the last prong of the test with respect to the Defendants who are not American citizens, including those subscribing to the risk through the Lloyd's of London insurance market in London, England.[27]

Because the requirements of the Convention are met, this Court must enforce the arbitration agreement as to the non-domestic Defendants, "unless it finds that the said agreement is null and void, inoperative or incapable of being performed."[28] "U.S. courts

---

[23] *Sphere Drake Ins. PLC v. Marine Towing, Inc.*, 16 F.3d 666, 669 (5th Cir.1994).
[24] Plaintiff's lengthy and well-reasoned arguments concerning the Convention's text and the circuit split on this point are noted, and the arguments are preserved. *See* R. Doc. 17 at pp. 3–14. The Court also notes that, separate from whether there was an agreement in writing, the arbitration agreement at issue in this case was almost certainly "contained in an exchange of letters." *Sphere Drake,* 16 F.3d at 339; *see also* R. Doc. 21 at pp. 5–7.
[25] R. Doc. 10-2 at p. 43.
[26] *See generally id.*
[27] R. Doc. 3 at p. 7.
[28] *Freudensprung, 379* F.3d at 339 (5th Cir. 2004).

have narrowly construed this 'null and void' exception"[29] and no such argument has been made in this case.

## II. Arbitration also is compelled as to the domestic Defendants.

Defendants seek to compel arbitration as to all parties, including domestic Defendants.[30] Plaintiff argues the domestic Defendants cannot enforce the Arbitration Agreement because the insurance policy is actually a separate contract between each Defendant and Causeway Partners; Louisiana law prohibits domestic Defendants from enforcing the arbitration clause found in each of their contracts; the Convention does not mandate enforcement of the arbitration clause found in each of their contracts; and the domestic Defendants' equitable estoppel argument is contrary to controlling law.[31]

Defendants counter these arguments by pointing out that all of the insurers are parties to the Arbitration Agreement which calls for a single Arbitration Tribunal to resolve "all matters in difference" between the insured and the insurers.[32] Defendants quote the Arbitration Agreement that expressly defines "the parties" to be "the Insured and the Companies"—plural.[33] Defendants cite federal courts that have compelled arbitration under the Convention with respect to claims against both domestic insurers and foreign insurers finding a dispute falls under the Convention so long as one of the subscribers to the insurance policy was not an American citizen.[34] Defendants rely on *Port*

---

[29] *Sunkyong Eng'g & Const. v. Born, Inc.*, 149 F.3d 1174, at *6 (5th Cir. 1998).
[30] R. Doc. 10-1 at 10.
[31] R. Doc. 17 at 15.
[32] See R. Doc. 10-2 at p. 43.
[33] *Id.*
[34] *See* R. Doc. 10-1 at p. 11 n.33 (collecting cases). This is an alternate basis for the Court's ruling.

*Cargo Services, LLC v. Certain Underwriters at Lloyd's London*,[35] which they say reached the same conclusion, but for a different reason—the theory of equitable estoppel.

The endorsement to the parties' Arbitration Agreement provides that "[t]his contract shall be constructed as a separate contract between the Insured and each of the Underwriters."[36] This endorsement results in the facial inapplicability of the Convention as to the domestic Defendants, because neither party to the bilateral insurance agreements between plaintiff and those Defendants is a foreign citizen.[37] Nevertheless, other sections of this court, considering similar facts and contractual language, have found that, although a plaintiff may have separate contracts with each of the insurers, the application of equitable estoppel against an argument that arbitration does not apply to non-signatories is appropriate.[38] This Court agrees with their reasoning.

The United States Court of Appeals for the Fifth Circuit has held that "application of equitable estoppel is warranted when [a] signatory to the contract containing an arbitration clause raises allegations of substantially interdependent and concerted misconduct by both the nonsignator[ies] and one or more of the signatories to the contract."[39] The *Grigson* court explained that "[o]therwise the arbitration proceedings

---

[35] 2018 WL 4042874 (E.D. La. Aug. 24, 2018).
[36] R. Doc. 1-3 at 31.
[37] *Cf. Freudensprung*, 379 F.3d at 339 (compelling arbitration if the relationship is entirely between U.S. citizens provided it must involve performance abroad or have some other reasonable relation with a foreign country).
[38] *Port Cargo Services, LLC v. Certain Underwriters at Lloyd's London*, 2018 WL 4042874 (E.D. La. Aug. 24, 2018); *City of Kenner v. Certain Underwriters at Lloyd's London*, 2022 WL 16961130 (E.D. La. Nov. 16, 2022); and *Holts v. TNT Cable Contractors, Inc.*, 2020 WL 1046337 (E.D. La. Mar. 4, 2020).
[39] *Grigson v. Creative Artists Agency LLC*, 210 F.3d 524, 527 (5th Cir. 2000).

between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted."[40]

Plaintiff's complaint alleges that "Defendants assessed the risk and provided coverage" of the relevant property.[41] Plaintiff has pursued the full value of its claims without differentiation among the Defendants, regardless of their various levels of participation on the policy. Plaintiff clearly alleges Defendants have acted interdependently and in concert in the adjustment and evaluation of Plaintiff's insurance claims. Indeed, Plaintiff alleges that Defendants—without specification of any one insurer—received proof of loss yet failed to pay amounts due under the policy,[42] and that by doing so, they all acted arbitrarily and capriciously, breaching their duties of good faith and fair dealing.[43] Plaintiff, by failing to differentiate purported wrongful conduct by any particular Defendant, has necessarily alleged interdependent and concerted misconduct.[44] Plaintiff's allegations of interdependent and concerted misconduct by all Defendants suffices to establish equitable estoppel is warranted in this case. Compelled arbitration is appropriate as to all Defendants.

With respect to Plaintiff's argument that Louisiana law prohibits the domestic Defendants from enforcing the arbitration clause found in each of their contracts, the Court references its recent ruling,[45] joining other Courts of this district,[46] that arbitration

---

[40] *Id.*
[41] R. Doc. 3-2 at 4.
[42] Id. at 5-6.
[43] Id. at 9.
[44] *See Holts*, 2020 WL 1046337, at *4 (E.D. La. Mar. 4, 2020) ("By failing to differentiate between the wrongdoing by each defendant, Holts alleges interdependent claims.").
[45] *Cornerstone Ass'n v. Indep. Specialty Ins. Co.*, CV 23-2478, 2023 WL 8257987 (E.D. La. Nov. 29, 2023).
[46] *Ramsey v. Indep. Specialty Ins. Co.*, CV 23-0632, 2023 WL 5034646 (E.D. La. Aug. 8, 2023), *reconsideration denied*, CV 23-632, 2023 WL 6928047 (E.D. La. Oct. 19, 2023), *and motion to certify appeal denied*, CV 23-632, 2023 WL 8559316 (E.D. La. Dec. 11, 2023); *Bourgeois v. Indep. Specialty Ins. Co.*, CV 22-1256, 2023 WL 6644171, at *4 (E.D. La. Oct. 12, 2023); *Queens Beauty Supply, LLC v. Indep.*

agreements do not deprive the courts of this state of *jurisdiction*, but rather act as forum or venue selection clauses. By that reasoning, the arbitration agreement at issue here falls within the ambit of La R.S. 22:868(D), which grants an exception to the statute's prohibition on "forum or venue selection clause[s]"[47] to surplus line insurance policies, like that issued by Defendants.[48] As a result, Plaintiff's argument that the McCarran-Ferguson Act applies to bar compelled arbitration fails.[49]

## CONCLUSION

**IT IS ORDERED** that Defendants' Motion to Compel Arbitration and Stay the Proceedings[50] is **GRANTED**.

The Clerk of Court shall **STAY AND ADMINISTRATIVELY CLOSE** this case, to be reopened, if necessary and upon written motion by a party, after arbitration is completed.

**New Orleans, Louisiana, this 17th day of January, 2024.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

*Specialty Ins. Co.*, 2023 WL 7154117 (E.D.La. Oct. 31, 2023); *Beachcorner Properties, LLC v. Independent Specialty Insurance Company*, 2023 WL 7280516 (E.D. La. Nov. 3, 2023).
[47] LA. REV. STAT. § 22:868(D).
[48] *See generally* R. Doc. 10-2.
[49] Plaintiff acknowledges the Fifth Circuit has held that the McCarran-Ferguson Act, 15 U.S.C. § 1011, does not reverse pre-empt the Convention in *Safety Nat. Cas. Corp. v. Certain Underwriters at Lloyd's London*, 587 F.3d 714 (5th Cir. 2009), but preserves its argument on this point.
[50] R. Doc. 10.