**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CAUSEWAY PARTNERS, L.L.C.,** | **CIVIL ACTION** |
|    **Plaintiff** | |
| **VERSUS** | **NO.  23-6108** |
| **CERTAIN UNDERWRITERS AND SYNDICATES** | **SECTION: "E" (1)** |
| **AT LLOYDS, LONDON, ET AL.,** | |
|    **Defendant** | |

## ORDER AND REASONS

Before the Court is the Motion to Stay Pending Appeal and Pending Arbitration with Foreign Insurers.[1] Defendants Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Old Republic Union Insurance Company, GeoVera Specialty Insurance Company, and Transverse Specialty Insurance Company ("Domestic Insurers")[2] request an order staying this case, including all discovery, pending (1) resolution of Domestic Insurers' appeal of the Court's Order lifting the stay as to Domestic Insurers[3] and (2) conclusion of Plaintiff's ongoing arbitration with the Foreign Insurers. Plaintiff filed an Opposition,[4] and Defendants filed a Reply.[5]

---

[1] R. Doc. 42.

[2] In addition, Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-66147-02 and HDI Global Specialty are listed as parties to the Motion. *See*. R. Doc. 42. However, the Court dismissed with prejudice Causeway Partners' claims against the Foreign Insurers. R. Doc. 31. Thus, the Court will construe this Motion as filed by the Domestic Insurers.

[3] *See* R. Docs. 32 and 34.

[4] R. Doc. 46.

[5] R. Doc. 48.

**BACKGROUND**

Plaintiff Causeway Partners, LLC ("Causeway Partners") filed this action against the Domestic Insurers and against Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-66147-02 and HDI Global Specialty ("Foreign Insurers") asserting claims for breach of contract, bad faith and breach of the duty of good faith and fair dealing under an insurance policy.[6]

On November 1, 2023, the Domestic Insurers and the Foreign Insurers filed a Motion to Compel Arbitration as to all Foreign and Domestic Insurers.[7] On January 17, 2024, the Court granted the Motion and stayed the proceedings.[8] On October 17, 2025, citing intervening Louisiana Supreme Court precedent, Causeway Partners filed a motion seeking to reopen the proceedings, lift the stay, and vacate the Order compelling arbitration insofar as it pertains to the Domestic Insurers.[9]

On January 13, 2026 Causeway Partners moved to dismiss the Foreign Insurers, and submitted a proposed order including a provision that Causeway Partners and the Foreign Insurers would continue to arbitrate in parallel with the remaining district court proceedings between Causeway Partners and the Domestic Insurers.[10] On February, 11, 2026, the Court granted the motion and dismissed with prejudice Causeway Partners' claims against the Foreign Insurers.[11] As requested in the proposed order, Causeway Partners and the Foreign Insurers were ordered to continue to arbitrate their disputes in

---

[6] R. Doc. 3-2. Defendant Certain Underwriters and Syndicates at Lloyd's, London Subscribing to Policy Number AMR-66147-02 and Defendant HDI Global Specialty SE are located outside the United States. The remaining insurers are located in the United States.
[7] R. Doc. 10.
[8] R. Doc. 22.
[9] R. Doc. 24.
[10] R. Doc. 28.
[11] R. Doc. 31.

the arbitration proceedings in parallel with the remaining district court proceedings against the Domestic Insurers.[12]

On March 3, 2026 the Court granted Causeway Partners' motion seeking to reopen the case and entered an Order lifting the stay and reopening the proceedings as they pertain to the Domestic Insurers.[13] On April 2, 2026, the Domestic Insurers appealed that order to the United States Court of Appeals for the Fifth Circuit.[14]

On April 14, 2026, this Court issued a Scheduling Order for the Domestic Insurers, requiring initial disclosures by May 1, 2026.[15] On May 13, 2026, the Domestic Insurers filed the instant Motion to stay proceedings against the Domestic Insurers pending appeal and pending arbitration with the Foreign Insurers.[16]

## **LAW AND ANALYSIS**

In their Motion, the Domestic Insurers seek two forms of a stay. First, a stay of proceedings against the Domestic Insurers pending appeal of arbitrability under the governing law of the Supreme Court case *Coinbase, Inc. v. Bielski*.[17] Second, a stay of all proceedings against Domestic Insurers until arbitration between Causeway Partners and the Foreign Insurers is completed under the governing law of the recent Fifth Circuit case *Crescent City Surgical Operating Co. v. Interstate Fire & Cas. Co*.[18]

The Domestic Insurers argue that *Coinbase* requires a stay of proceedings against them while there is an ongoing appeal of arbitrability.[19] In *Coinbase*, the Supreme Court

---

[12] *See id.* Counsel have confirmed that arbitration is proceeding.
[13] R. Doc. 32.
[14] R. Doc. 34.
[15] R. Doc. 37.
[16] R. Doc. 42.
[17] 143 S.Ct. 1915 (2023).
[18] No. 25-30044, 2026 WL 1091579 (5th Cir. Apr. 22, 2026).
[19] R. Doc. 42-1 at pp. 3-4.

held that when a party files an interlocutory appeal pursuant to 9 U.S.C. § 16(a), the district court must stay its proceedings pending resolution of the appeal.[20]  Causeway Partners opposes the motion, arguing that *Coinbase* is not directly on point since the Domestic Insurers' "appeal arises from an order reconsidering and vacating a prior arbitration ruling after intervening precedent and after dismissal of the foreign insurers."[21] However, the holding of *Coinbase* does not depend on any foreign insurers being defendants in the action. As Causeway Partners itself describes it, "*Coinbase* addresse[s]  interlocutory appeals authorized by 9 U.S.C. § 16(a) and conclude[s] that where the question on appeal is whether a case belongs in arbitration or in district court, the case should be stayed pending appellate review."[22] Defendants have appealed the Court's Order Vacating the Order Compelling Arbitration as to the Domestic Insurers pursuant to 9 U.S.C. 16(a).[23] Accordingly, *Coinbase* is squarely on point. Consistent with *Coinbase*, the Court will stay proceedings against the Domestic Insurers pending resolution of their appeal.

The Domestic Insurers argue the Court should further stay proceedings against them pending resolution of arbitration between Causeway Partners and the Foreign Insurers. The Domestic Insurers point to the factually-similar and recently-decided *Crescent City Surgical Operating Co.*[24] In that case, the Fifth Circuit found the district court had abused its discretion in refusing to stay the litigation of claims against domestic insurers while arbitration involving related foreign insurers was pending.[25] The Fifth

---

[20] *Coinbase*, 143 S.Ct. at 1918.
[21] R. Doc. 46 at p. 4.
[22] *See id.* at pp. 3-4.
[23] R. Doc. 34; R. Doc. 32.
[24] R. Doc. 42-1 at p. 4. *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 (5th Cir. Apr. 22, 2026).
[25] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.

Circuit applied the *Rainier* factors[26] to the issue, which counsel that a stay with respect to non-signatories pending resolution of a related party's arbitration is warranted if: "(1) the arbitrated and litigated disputes involved the same operative facts; (2) the claims asserted in the arbitration and litigation were 'inherently inseparable'; and (3) the litigation had a 'critical impact' on the arbitration."[27] The Fifth Circuit found the *Rainier* factors levied in favor of a stay in the *Crescent City Surgical Operatic Co.* case, noting that the claims against the foreign insurers in arbitration and the claims against the domestic insurers in court were inherently inseparable.[28] Defendants argue their case is "essentially identical" to *Crescent City Surgical Operating Co.*[29] Indeed, Defendants point to a recent decision from the Western District of Louisiana with "the same parties and same policy" as this case, in which the presiding judge applied *Crescent City Surgical Operating Co.* and stayed proceedings against the domestic insurers pending the resolution of the arbitration.[30]

The Court will first address Causeway Partners' argument that there is a material factual distinction between the instant case and *Crescent City Surgical Operating Co.*, namely, that in this case the Causeway Partners' claims against the Foreign Insurers have been dismissed from this action with prejudice, while in *Crescent City Surgical Operating Co.* the foreign insurers were still defendants.[31] In *Crescent City Surgical Operating Co.*, the Fifth Circuit's reasoning did not turn on whether the foreign insurers were at that

---

[26] *See Rainier DSC 1, L.L.C. v. Rainier Cap. Mgmt., L.P.*, 828 F.3d 356, 360 (5th Cir. 2016).
[27] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5 (quoting *Rainier*, 828 F.3d at 360).
[28] *See id.*
[29] R. Doc. 42-1 at p. 4.
[30] R. Doc. 42-1 at p. 8; *MK Mall Holdings, LLC v. Underwriters at Lloyd's of London, et al.*, Case 6:23-cv-01455-DCJ-DJA, Doc. 33 (W.D. La. 4/28/26).
[31] R. Doc. 31; *Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *1.

point still parties to the litigation; rather, the reasoning turned on the consequences the outcome of the litigation would have on arbitration when "both proceedings involve the same coverage questions and the same facts."[32]

In this case, Plaintiff's Petition for Declaratory Judgment and Damages[33] alleges all the insurers committed misconduct that is substantially interdependent between both the Domestic Insurers and the Foreign Insurers.[34] Causeway Partners alleges payments were paid to it on behalf of all insurers, and the payments were deficient or untimely as to all insurers.[35] Causeway Partners seeks to recover cumulative amounts from all Insurers.[36] Thus, although the Court has dismissed the claims in this action against the Foreign Insurers, the arbitration continues and both the arbitral and the litigation proceedings involve the same coverage issues and the same facts.[37] The Court finds *Crescent City Surgical Operating Co.* is directly applicable to the Domestic Insurers' Motion even though the Foreign Insurers are no longer parties to the litigation.

Causeway Partners opposes the Domestic Insurers' request, arguing first that they have waived their opportunity to rely on the *Rainier* factors because they did not raise them in opposition to Plaintiff's motion to reopen proceedings.[38] Plaintiff's argument is not persuasive. Defendants' argument relies not directly on *Rainier* but on the application of *Rainier* in *Crescent City Surgical Operating Co.*, which was decided six months after

---

[32] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.
[33] R. Doc. 3-2.
[34] *Id.* at pp. 4-7.
[35] *See id.*
[36] *See id.* at p. 10.
[37] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.
[38] *See* R. Doc. 24, 25.

Defendants' brief in opposition to Causeway Partner's Motion to Lift Stay.[39] The Domestic Insurers have not waived their opportunity to raise the *Rainier* factors.

In the alternative, Causeway Partners argues the Domestic Insurers cannot satisfy the *Rainier* factors. Regarding the first and second factor, Causeway Partners argues that, since Defendants seek to apply New York law to the Foreign Insurers' claims in arbitration but Louisiana law to its litigation with the Domestic Insurers, the arbitrated and litigated disputes cannot "involve the same operative facts" nor can they be considered "inherently inseparable."[40] This argument relies on a difference in applicable law, not the underlying facts. Causeway Partners argues the "Defendants have established [at most] that the proceedings arise from the same insurance claim and the same triggering event."[41] The terms of the insurance policies, the events that led to the insurance claim, and the payments made in response to the claim are the operative facts, and the claims based on these operative facts against the Foreign Insurers and the Domestic Insurers are inseparable. This scenario meets the requirements of the first and second *Rainier* factors in *Crescent City Surgical Operating Co.*[42] Thus, the Domestic Insurers have shown the facts satisfy the first and second *Rainier* factors.

Regarding the third *Rainier* factor, Causeway Partners argues the Domestic Insurers have not "sufficiently demonstrated that litigation of Plaintiff's claims against the domestic insurers will dictate, control, or otherwise determine the outcome of any

---

[39] *See* R. Doc. 25 (filed October 31, 2025) and *Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 (decided April 22, 2026).

[40] R. Doc. 46 at pp. 6-8. *See Rainier*, 828 F.3d at 360.

[41] R. Doc. 46 at p. 8.

[42] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5 (finding the first and second *Rainier* factor had been met when there was a unified insurance agreement with the aim of providing [the insured] a seamless level of coverage.").

arbitration proceeding."[43] First and foremost, the Court notes this language overstates the third *Rainier* factor, which instead counsels a stay when the litigation will have a "critical impact" on the related arbitration proceeding.[44] Under the policies, Causeway Partners argues the Foreign Insurers bear only 22% of the risk of a loss, which it says is too small a share for the litigation to have a critical impact on the arbitration outcome.[45] Neither *Rainier* nor *Crescent City Surgical Operating Co.* states a specific numerical benchmark as to what percentage of the risk will have a "critical impact";[46] however, as the Fifth Circuit noted in *Crescent City Surgical Operating Co.*, when proceedings in both arbitration and litigation "involve the same coverage questions and same facts" it is "difficult to conceive how the litigation could not have an impact on the arbitration."[47] Such is the case here. With no determination whether any percentage of the risk would be too small to have a critical impact, in this case the Court finds approximately one-fifth of the risk is sufficient to have a critical impact on the arbitration. Accordingly, the Domestic Insurers have met the third *Rainier* factor.

Applying the *Rainier* factors to the present Motion, the Court finds they support a stay pending conclusion of Plaintiff's arbitration with the Foreign Insurers. As such, the Court will stay proceedings against the Domestic Insurers until Causeway Partners and the Foreign Insurers conclude arbitration proceedings.

**<u>CONCLUSION</u>**

**IT IS ORDERED** that Defendants' Motion is **GRANTED**.

---

[43] R. Doc. 46 at p. 8. *See Rainier*, 828 F.3d at 360.
[44] *See Rainier*, 828 F.3d at 360.
[45] R. Doc. 46 at pp. 8-9.
[46] *See Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5; *Rainier*, 828 F.3d at 360.
[47] *Crescent City Surgical Operating Co.*, No. 25-30044, 2026 WL 1091579 at *5.

**IT IS FURTHER ORDERED** that proceedings in this Court are **STAYED** pending the resolution of the Domestic Insurers' appeal[48] and pending resolution of the arbitration proceedings against the Foreign Insurers.

**IT IS FURTHER ORDERED** that the Oral Argument set for July 8, 2026[49] is **CANCELLED**.

**IT IS FURTHER ORDERED** that the parties shall notify the Court in writing within five (5) days of the conclusion of the arbitration proceedings.

The Clerk of Court shall **STAY AND ADMINISTRATIVELY CLOSE** this case, to be reopened, if necessary and upon written motion by a party, after arbitration is completed and there is a final judgment in the pending appeal.

**New Orleans, Louisiana, this 30th day of June, 2026.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[48] *See* R. Doc. 34.
[49] R. Doc. 49.

9